UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MRS. SILVIA JENKINS,

                                   Plaintiff,

       v.                                                     5:11-CV-1037 (LEK/ATB)

TALIKA RICE &
PROGRESSIVE INS. CO.,

                                   Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

SILVIA JENKINS
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court a civil rights complaint, together with an application to proceed *in forma pauperis* (IFP), and a motion for appointment of counsel, filed by *pro se* plaintiff, Silvia Jenkins. (Dkt. Nos. 1-3).

**I.**    ***In Forma Pauperis* (IFP) Application**

A review of plaintiff's IFP application shows that she declares she is unable to pay the filing fee. (Dkt. No. 2). In her application, plaintiff states that she is not employed and has no money or assets from any sources. (Dkt. No. 2). Although the court finds it difficult to believe that plaintiff has absolutely no money from any sources, and that she has had no money for the past 12 months, the court will assume for purposes of this recommendation, that plaintiff meets the financial criteria for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in

the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell*

*Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II.   Complaint**

Plaintiff claims that on March 11, 2011, defendant Talika Rice drove her vehicle out of a "Corner Store" and hit plaintiff, causing plaintiff to fall on her left side, injure her back, and exacerbate all plaintiff's "other health concerns." (Compl. ¶ 4; Dkt. No. 1). Plaintiff states that the Syracuse Police did not arrest defendant Rice as a result of this incident, and that her insurance company did not answer any of plaintiff's requests. *Id.* Plaintiff states that, although defendant Rice has caused plaintiff substantial injury, neither she nor her insurance company have attempted to assist plaintiff with her medical expenses. Plaintiff seeks $ 9,000.00 in damages for all her injuries and because "folks are not too [sic] go about hitting folks with their vehicle, & not get arrested." (Compl. ¶ 6).

Plaintiff has filed this action, using a form for civil rights complaints pursuant to 42 U.S.C. § 1983. Section 1983 provides a cause of action for constitutional or statutory violations, committed by a "person" acting "under color of state law." 42 U.S.C. § 1983. A person acts under color of state law only when exercising power possessed by virtue of state law and made possible because the defendant is "clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quotation omitted).

In this case, neither defendant acted under color of state law. Talika Rice is clearly a private individual, and there is no indication that Progressive Insurance

Company is exercising power possessed by virtue of state law. It appears that plaintiff is attempting to sue for personal injuries, caused by a private individual, whose insurance company is refusing to pay plaintiff's medical or other expenses, resulting from the incident. Although plaintiff claims that the Syracuse Police did not arrest Ms. Rice, plaintiff does not name the City of Syracuse or any individual police officer as a defendant.[1]

Because neither of the defendants acts or acted under color of state law, plaintiff cannot bring an action under section 1983 and the case must be dismissed. A review of the complaint and the facts alleged therein, shows that there is no other basis for federal court jurisdiction.[2] While plaintiff may have a state law personal injury action against Ms. Rice, there is no jurisdictional basis in federal court for these claims.[3]

## III.  **Appointment of Counsel**

Plaintiff has moved for appointment of counsel. (Dkt. No. 3). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf

---

[1] In any event, the court notes that, even assuming plaintiff named an individual officer who failed to arrest Ms. Rice, courts have consistently been unwilling to intrude upon a police officer's discretion to decide when to make an arrest. *Fedor v. Kudrak*, 421 F. Supp. 2d 473, 481 (D. Conn. 2006) (citing *inter alia Lunini v. Grayeb*, 395 F.3d 761, 770 (7th Cir. 2005)). Plaintiff also does not claim that the failure to arrest was based upon any improper or discriminatory reason.

[2] The court must treat *pro se* complaints with great liberality and must interpret the complaint to raise the strongest argument that they suggest. *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). Thus, the court has attempted to determine whether the complaint could proceed under any other basis for jurisdiction.

[3] Another basis for federal court jurisdiction is diversity. Diversity is present when an action is between citizens of different states, and the amount in controversy is at least $ 75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332 (a)(1). Plaintiff in this case may not bring an action alleging diversity jurisdiction, first because one of the defendants is clearly a New York resident, and second, the amount in controversy is well below the amount required for diversity jurisdiction.

of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In her motion, plaintiff indicates that she has contacted various attorneys, but has not been successful in obtaining counsel on her own. Because this court has found no possible basis for a federal court action in this case, this court finds that the case has no substance in federal court. Thus, the court may deny plaintiff's motion for appointment of counsel.

**IV.   Amendment of Complaint**

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v.*

5

*Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  In this case, the court finds that any attempt of the plaintiff to amend this complaint would be futile, and she would still be unable to state a federal claim.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**ORDERED**, that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**, and it is

**RECOMMENDED**, that the complaint be **DISMISSED** *SUA SPONTE* **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and it is

**RECOMMENDED**, that if the District Court adopts this recommendation, the court further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: September 7, 2011

*[signature: Andrew T. Baxter]*

Hon. Andrew T. Baxter
U.S. Magistrate Judge