UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SYLVIA JENKINS,

                       Plaintiff,

    -against-                                    5:11-CV-1037 (LEK/ATB)

TALIKA RICE and PROGRESSIVE
INSURANCE COMPANY,

                       Defendants.
_____

## DECISION and ORDER

      This matter comes before the Court following a Report-Recommendation filed on September 7, 2011 by the Honorable Andrew T. Baxter, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(b) of the Northern District of New York.  Report-Rec. (Dkt. No. 4). Within fourteen days after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1(c).  The Clerk has sent the entire file to the undersigned, including the Objections by Plaintiff Sylvia Jenkins ("Plaintiff"), which were filed on September 20, 2011.  Objections (Dkt. No. 5).

      "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  The Court is to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.  Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307

(N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997).

The Court has considered these objections, undertaken a *de novo* review of the record, and determined that, to the extent it recommends dismissal of this action, the Report-Recommendation should be approved for the reasons stated therein.  However, the Court does not adopt the recommendation that Plaintiff's claims be dismissed with prejudice.  Report-Rec. at 6.  Section 205(a) of the New York Civil Practice Law and Rules permits a plaintiff to re-file her action within six months of termination of the initial action, so long as the initial action was timely commenced. Judge Baxter specifically notes in the Report-Recommendation that Plaintiff "may have a state law personal injury action against [Defendant] Rice."  Report-Rec at 4.  A review of Plaintiff's Complaint indicates that the conduct of which she complains occurred on March 11, 2011.  Compl. at 2.  Plaintiff filed this action on August 29, 2011, well within the three-year statute of limitations for personal injury actions under New York law.  See id.; N.Y. C.P.L.R. § 214(5).  The Court therefore finds that, to the extent Plaintiff raises any valid state law claims against Defendants, dismissal without prejudice is appropriate in order to afford her the opportunity to re-file such claims in New York state court.  See Healy v. City of N.Y. Dep't of Sanitation, 286 Fed. Appx. 744, 746-47 (2d Cir. 2008); Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 250 (2d Cir. 2008).

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 4) is **APPROVED** and **ADOPTED** in part; and it is further

**ORDERED**, that Plaintiff's Motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED** for purposes of filing only; and it is further

**ORDERED**, that Plaintiff's Motion for appointment of counsel (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED.**

DATED:   October 11, 2011
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge